[Department Two. — October 22, 1883.]

FELIX BARBAIRES ET AL., PETITIONERS, *v.* JOHN M. GREGORY, JUDGE OF THE SUPERIOR COURT OF SOLANO COUNTY, RESPONDENT.

NEW TRIAL — STATEMENT — NOTICE — PRACTICE. — When a statement on motion for a new trial, and the proposed amendments thereto, have been filed, and the moving party has given notice of the time and place of the settlement of the statement, no further or other notice of settlement is required.

APPLICATION for a mandamus to compel the judge of the Superior Court of Solano County to settle a statement on motion for a new trial.

The facts are stated in the opinion of the court.

*L. C. Trusseau*, for Petitioners.

*Geo. A. Lamont*, for Respondent.

PER CURIAM.—It was admitted on the argument by both sides that the defendants, in the action *Mizner* v. *Barbaires et al.*, prepared and served their statement on the plaintiff's attorney in due time and that he prepared and served on the defendants' counsel plaintiff's proposed amendments to said statement within the time prescribed by the Code, and that defendants' counsel within ten days after receiving said proposed amendments gave the plaintiff's attorney notice that his said proposed amendments were not adopted or allowed by the defendants, and that on a day and hour and at a place named in said notice they would present said statement and proposed amendments to the judge for settlement. That at the time and place named in said notice the plaintiff's attorney appeared before said judge, but that no one appeared for the defendants, and the court proceeded to settle said statement. Before the time fixed in said notice for the settlement of said statement and proposed amendments the same had been filed with the clerk of the court. The defendants' counsel insists that the fact of his having so filed said statement and proposed amendments, cast the duty upon the court of giving said defendants' attorney notice of the time and place of settlement, and that the court had no power to proceed and settle said statement on the day fixed for its settlement in defendants' attorney's said notice. We think, however, that the court had a right to proceed and settle said statement on the day designated for that purpose, and that defendants' counsel were not entitled to notice that the statement would be settled at the time and place fixed by them for its settlement in a notice given by themselves.

Application denied and proceeding dismissed.

Hearing in Bank denied.